76 F.3d 387
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jorge Sebastian MARENCO-GARAY; Jose Andres Marenco-Jiron;
Jorge Sidonio Marenco-Jiron, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70055.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 9, 1996.*
Decided Jan. 17, 1996.
 
 Before: SNEED, HALL, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jorge Sebastian Marenco-Garay and his two children, Jose Andres Marenco-Jiron and Jorge Sidonio Marenco-Jiron, natives and citizens of Nicaragua, petition for review of the Board of Immigration Appeals' ("BIA") decision affirming the order of an Immigration Judge ("IJ"), denying their applications for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. §§ 1158(a) and 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 3
 We review the BIA's denial of asylum for abuse of discretion. Ramos-Vasquez v. INS, 57 F.3d 857, 861 (9th Cir.1995). The factual findings supporting the BIA's decision to deny asylum, as well as the BIA's denial of an alien's petition to withhold deportation, are reviewed for substantial evidence. Id. We will reverse the BIA's decision only if the applicant presents evidence that is "so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992).
 
 
 4
 Applicants seeking asylum must establish either past persecution or a well-founded fear of future persecution on account of their race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. § 1101(a)(42); Berroteran-Melendez v. INS, 955 F.2d 1251, 1255 (9th Cir.1992). Applicants claiming a well-founded fear of future persecution must demonstrate both a "genuine subjective fear and a reasonable possibility of persecution." Berroteran-Melendez, 955 F.2d at 1256. The objective component requires applicants to produce credible, specific and direct evidence in the record, of facts showing that they have a reasonable fear of persecution. Id.
 
 
 5
 Marenco-Garay contends that the BIA's finding that he failed to demonstrate a well-founded fear of future persecution is not supported by substantial evidence.[1] This contention lacks merit.
 
 
 6
 Marenco-Garay testified at the IJ hearing that he possesses a well-founded fear of future persecution because he: (1) was an officer of the Conservative Party, which supported the Contra effort against the Sandinistas; (2) participated in a political demonstration in September, 1988, which ended when the Sandinistas attacked and arrested numerous demonstrators, including the President of the Conservative Party; and (3) evaded numerous attempts by the Sandinistas to arrest and interrogate him at his home after the demonstration.
 
 
 7
 Here, substantial evidence in the record supports the BIA's determination that Marenco-Garay does not possess a well-founded fear of persecution. See Prasad v. INS, 47 F.3d 336, 339-40 (9th Cir.1995). First, Marenco-Garay testified that he feared future persecution because he had heard rumors that the Sandinistas had attacked and killed Nicaraguan citizens, including some who had returned to Nicaragua from the United States. This testimony, however, does not demonstrate that the Sandinistas have targeted Marenco-Garay for persecution. See id.; Kotasz v. INS, 31 F.3d 847, 851-52 (9th Cir.1994). Second, Marenco-Garay testified that, following the 1990 election of the Chamorro government, he believed the Sandinistas released the Conservative Party President from prison. This testimony indicates that the Sandinistas are no longer interested in Conservative Party members like Marenco-Garay. See Prasad, 47 F.3d at 339-40.
 
 
 8
 Third, the BIA found that the changed political circumstances in Nicaragua also refuted Marenco-Garay's claim that he possesses a well-founded fear of persecution. Specifically, the BIA noted that Marenco-Garay failed to show that, following the change in governments, the Sandinistas persecuted either Conservative Party members, or individuals who, in the past, did not support the Sandinistas. In sum, the record supports the BIA's conclusion that Marenco-Garay "failed to satisfy the statutory eligibility threshold for asylum." Diaz-Escobar v. INS, 782 F.2d 1488, 1493 (9th Cir.1986). Accordingly, we conclude that substantial evidence supports the BIA's decision that Marenco-Garay lacks a well-founded fear of persecution. See id.
 
 
 9
 Marenco-Garay contends that the BIA abused its discretion by relying too heavily on the changed political conditions in Nicaragua and by failing to consider factors such as his age and the length of his residence in the United States when it discretionarily denied him asylum based upon past persecution. This contention lacks merit. Here, the BIA did not discretionarily deny Marenco-Garay asylum, but rather, found him statutorily ineligible for asylum. Thus, that portion of the BIA's opinion which states that, even if past persecution was established, the changed political circumstances in Nicaragua would rebut a presumption of future persecution, is merely dictum. See Ubau-Marenco v. INS, 67 F.3d 750, 755 n. 3 (9th Cir.1995). We therefore reject this contention. See id.
 
 
 10
 Because Marenco-Garay failed to meet the lower standard required to obtain asylum, we affirm the BIA's decision denying his application for withholding of deportation. See Prasad, 47 F.3d at 340.
 
 
 11
 We deny Marenco-Garay's request for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, because he is not a prevailing party in this petition. See id. at 340-41.
 
 
 12
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We do not address the BIA's finding that Marenco-Garay did not suffer past persecution because Marenco-Garay has not raised this issue in his petition